IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ELIBERTO VEGA NORIEGA,          §
TDCJ #1397819,                  §
                                §
            Petitioner,         §
                                §
v.                              §          CIVIL ACTION NO. H-09-3959
                                §
RICK THALER, Director,          §
Texas Department of Criminal Justice - §
Correctional Institutions Division, §
                                §
            Respondent.         §

## MEMORANDUM AND ORDER

State inmate Eliberto Vega Noriega (TDCJ #1397819) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging three state court convictions. The respondent has filed an answer, arguing that Noriega is not entitled to the relief he seeks.  (Docket No. 8).  Noriega has filed a reply.  (Docket No. 11).  After considering all of the pleadings, the state court records, and the applicable law, the Court denies relief and dismisses this case for reasons that follow.

## I.      BACKGROUND

A local grand jury returned three indictments against Noriega, charging him with aggravated sexual assault of a child in cause numbers 930147, 930148, and 936811.  At trial, the state presented evidence that Noriega sexually assaulted his own daughter on numerous occasions while she was between the ages of six and nine.  A jury in the 232nd

District Court of Harris County, Texas, found Noriega guilty as charged in all three indictments and sentenced him to life imprisonment.

On direct appeal, Noriega's appointed attorney filed a brief along with a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) (an "*Anders* brief"), certifying that the record disclosed no reversible error and that the appeal was without merit.   In response to his counsel's motion, Noriega made the following general allegations in a *pro se* brief: (1) the evidence was insufficient to establish his guilt; (2) he was denied effective assistance of counsel; and (3) the prosecutor engaged in unethical misconduct.   After considering the record, the *Anders* brief filed by counsel, and the issues raised by Noriega, the court of appeals affirmed the conviction.   *See Noriega v. State*, No. 01-06-00764-CR, 01-06-00765-CR, 01-06-00766-CR, 2008 WL 203046 (Tex. App. — Houston [1st Dist.] Jan. 24, 2008).   Noriega did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

Noriega challenged his convictions further by filing a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure in each case.   In those applications, Noriega raised several claims concerning the validity of the charges against him, among other things, and he also argued that he was denied the right to counsel on appeal when his attorney filed an *Anders* brief.   The state habeas corpus court, which also presided over the trial, entered findings of fact and recommended that relief be denied.   The Texas Court of Criminal Appeals did not disagree, but remanded the proceeding for additional consideration of several ineffective-assistance allegations made

2

by Noriega in a supplemental pleading.  *See Ex parte Noriega*, Nos. 71,882-01, -02, & -03 (Tex Crim. App. June 3, 2009).  After considering affidavits from defense counsel and Noriega, the state habeas corpus court entered additional findings of fact and concluded that Noriega was not entitled to relief with respect to his supplemental ineffective-assistance allegations.  The Texas Court of Criminal Appeals agreed and denied relief, without a written order, adopting the habeas corpus court's findings.  *See Ex parte Noriega*, Nos. 71,882-01,-02, & -03 (Tex Crim. App. Nov. 18, 2009).

Noriega, who remains in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"), now seeks a writ of habeas corpus to challenge his conviction under 28 U.S.C. § 2254.  In his pending petition, Noriega contends that his conviction was not supported by sufficient evidence.  Noriega also maintains that he was denied effective assistance of counsel at trial and on direct appeal.  The respondent maintains that Noriega's challenge to the sufficiency of the evidence is barred from federal habeas review and that all of his ineffective-assistance claims are without merit.  The respondent argues, therefore, that Noriega's petition must be dismissed.  The parties' contentions are discussed further below under the governing federal habeas corpus standard of review.

## II.    STANDARD OF REVIEW

Federal habeas corpus proceedings filed after April 24, 1996 are governed by provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  To

the extent that the petitioner's claims were "adjudicated on the merits" in state court, the

AEDPA standard found at 28 U.S.C. § 2254(d) applies.[1]

Claims presenting pure questions of law and mixed questions of law and fact are

governed by 28 U.S.C. § 2254(d)(1), which precludes habeas relief unless a petitioner

demonstrates that the state court's decision to deny a claim "was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *Martin v. Cain*, 246 F.3d

471, 475 (5th Cir. 2001).   A state court's decision is deemed contrary to clearly

established federal law if it reaches a legal conclusion in direct conflict with a prior

decision of the Supreme Court or if it reaches a different conclusion than the Supreme

Court based on materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362,

404-08 (2000).   A state court unreasonably applies clearly established precedent if it

identifies the correct governing legal principle but unreasonably applies that principle to

the facts of the case.   *See Brown v. Payton*, 544 U.S. 133, 141 (2005).   Under this

standard, an unreasonable application is more than merely incorrect or erroneous; rather,

the state court's application of clearly established law must be "objectively unreasonable."

*Williams*, 529 U.S. at 409.

---

[1]     Additionally, pre-AEDPA precedent forecloses habeas corpus relief if any of the
following circumstances are present: (1) the claim is barred as a consequence of the
petitioner's failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S.
722 (1991); (2) the claim seeks retroactive application of a new rule of law to a
conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288
(1989); or (3) the claim asserts trial error that, although of constitutional magnitude, did
not have a "substantial and injurious effect or influence in determining the jury's verdict."
*Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Where pure questions of fact are concerned, a petitioner is not entitled to relief unless he demonstrates that the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008). Moreover, a state court's findings of fact are presumed to be correct on federal habeas review, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted).

As this deferential standard reflects, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (quotation omitted). In that respect, the AEDPA standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington v. Richter*, ─ U.S. ─, 131 S. Ct. 770, 786 (2011). The Supreme Court has recently underscored the extent of this deferential standard:

> [28 U.S.C. § 2254(d)] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal

court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 131 S. Ct. at 786-87.  The deferential AEDPA standard of review applies even where the state court fails to cite applicable Supreme Court precedent or fails to explain its decision.  *See Early v. Packer*, 537 U.S. 3, 7 (2002); *see also Richter*, — U.S. —, 131 S. Ct. at 785 (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").  Thus, a federal habeas corpus court's inquiry is not altered where the state court denies relief without a written opinion.  *See Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003).

## III.   DISCUSSION

### A.   Sufficiency of the Evidence

Noriega argues that he is entitled to relief under 28 U.S.C. § 2254(d) because the jury's guilty verdict was not based on sufficient evidence.  Noriega observes that, although the victim testified against him at trial, the "outcry" witness did not.  Noriega notes further that the physician who performed a sexual assault examination on the victim did not observe any "visible scars or injuries."  Noriega argues, therefore, that he was entitled to a judgment of acquittal.  The respondent argues that these claims are procedurally barred because Noriega did not exhaust these claims or raise them in a proper manner in state court.

### 1.     Procedural Default

The federal habeas corpus scheme of review requires petitioners for relief to first present their claims in state court and to exhaust all state court remedies through proper adjudication.  *See* 28 U.S.C. § 2254(b).  "To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court." *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008).  If a claim has not been adjudicated on the merits in state court, federal review is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state-law ground.  *Cone v. Bell*, — U.S. —, 129 S. Ct. 1769, 1780 (2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).  The procedural default rule also prevents habeas review when a petitioner has failed to meet state procedural requirements for presenting his federal claims, thereby depriving the state courts of an opportunity to address those claims in the first instance.  *See Cone*, — U.S. —, 129 S. Ct. at 1780 (noting that, "[w]hen a petitioner fails to properly raise his federal claims in state court, he deprives the State 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights") (quoting *Coleman*, 501 U.S. at 732).

The record reflects that, although Noriega challenged the sufficiency of the evidence on direct appeal, he did not file a petition for discretionary review with the Texas Court of Criminal Appeals during that proceeding.  Noriega did not challenge the sufficiency of the evidence in his initial state habeas corpus applications.  *See Ex parte*

*Noriega*, Nos. 71,882-01, -02, & -03 (Tex Crim. App.).  At Noriega's request, this Court granted a stay so that he could return to state court and exhaust these claims by filing a second set of state habeas corpus applications.  (Docket No. 12).  The Texas Court of Criminal Appeals dismissed these applications as an abuse of the writ under Article 11.07, § 4 of the Texas Code of Criminal Procedure.  *See Ex parte Noriega*, Nos. 71,882-04, -05, & -06 (Tex Crim. App. Sept. 8, 2010).  It is well established that a dismissal under the Texas abuse-of-the-writ statute constitutes an adequate and independent procedural ground on which to base a procedural default ruling.  *See Aguilar v. Dretke*, 428 F.3d 526, 534 (5th Cir. 2005) (citing *Henderson v. Cockrell*, 333 F.3d 592, 605 (5th Cir. 2003); *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999); *Matchett v. Dretke*, 380 F.3d 844, 848 (5th Cir. 2004)).  Accordingly, federal review of this claim is barred from habeas corpus review by the doctrine of procedural default unless Noriega can demonstrate that an exception applies.

### 2.    Exceptions to the Procedural Bar

Where a petitioner has procedurally defaulted a claim in state court, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  The Supreme Court has explained that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "Examples of external impediments include active government interference or the reasonable unavailability of the factual or legal basis for the claim." *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997).  Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different.  *See Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir. 2000) (citing *Strickler v. Green*, 527 U.S. 263, 119 S. Ct. 1936, 1952 (1999)).

Noriega does not attempt to show that the fundamental-miscarriage-of-justice exception applies in this case.  *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004) (noting that this narrow exception applies in the non-capital context only "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense").  As cause for his default, Noriega appears to fault the deficient performance of his appellate counsel.  Ineffective assistance of counsel may constitute cause in some cases.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Even if Noriega could demonstrate cause, however, he does not establish actual prejudice because, for reasons outlined below, he does not show that his underlying defaulted claim would have been successful or that the result of his appellate proceeding would have been any different.  *See Barrientes*, 221 F.3d at 769.

### 3.    The Evidence Was Not Insufficient

The evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard.  *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).   This standard requires only that a reviewing court determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.  In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict.  *See Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

In this case, Noriega was charged with aggravated sexual assault of a child in three separate indictments.[2]   In cause number 930147, Noriega was charged with committing aggravated sexual assault by placing his finger in the victim's sexual organ on or about December 1, 2001.   In cause number 930148, Noriega was charged with aggravated sexual assault by penetrating the victim's mouth with his sexual organ on or about July

---

[2]    In Texas, a person commits the offense of aggravated sexual assault of a child if he "intentionally or knowingly" (i) causes the penetration of a child's sexual organ or anus by any means; (ii) causes the penetration of a child's mouth by the sexual organ of the actor; (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor; or (v) causes the mouth of a child to contact the anus or sexual organ of another person, including the actor; and the victim is a child younger than 14 years of age.  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B).

20, 2002.  In cause number 936811, Noriega was charged with aggravated sexual assault

by placing his male sexual organ into the victim's sexual organ on or about December 2,

2001.

Noriega challenged the sufficiency of the evidence in a *pro se* brief that he

submitted on direct appeal.  In rejecting this claim, the intermediate court of appeals

summarized the evidence presented at trial as follows:

> [Noriega] is the father of complainant, S.N.    [Noriega] and
> complainant's mother, Crystal Maldonado, were never married, but lived
> together until complainant was six.    After [Noriega] and Maldonado
> separated, complainant lived with [Noriega].    [Noriega] and complainant
> moved in with [Noriega]'s brother and then into a one-bedroom apartment.

> Between the ages of six and nine, complainant was sexually
> assaulted by [Noriega] on numerous occasions.  In late 2001, [Noriega]
> placed his finger and his sexual organ in the female sexual organ of
> complainant.  One night at [Noriega]'s brother's house, [Noriega] took
> down complainant's pants and touched her sexual organ with his fingers.
> [Noriega] touched complainant, both outside and inside her sexual organ,
> on many occasions, telling her that "this would help [her] when [she] got
> older." On a different occasion, [Noriega] pulled down his pants and put his
> sexual organ in complainant's sexual organ.  The assaults happened several
> times at complainant's uncle's house and at [Noriega]'s apartment.  In the
> summer of 2002, complainant was sleeping in one bed with [Noriega]'s
> then-girlfriend, Olga Rodriguez.  [Noriega] exhibited his penis "out of a
> little hole" in his pajamas and put his penis inside complainant's mouth.
> Rodriguez awoke to witness the act.  Rodriguez later told Maldonado, who
> contacted police and took complainant for a sexual assault exam.
> Complainant presented a "normal examination" that "did not reveal any
> injuries."  Dr. Rohndit Shenoi stated that molestation that occurs over a
> period of time is more likely to show physical trauma, although he also
> stated that genitalia will probably present normal when there is a delayed
> outcry.

*Noriega v. State*, No. 01-06-00764-CR, 01-06-00765-CR, 01-06-00766-CR, 2008 WL

203046 , at **1-2 (Tex. App. — Houston [1st Dist.] Jan. 24, 2008, pet. ref'd).  Because

11

Noriega has not presented any evidence to dispute the state court's findings of fact, the state court's fact findings are presumed correct for purposes of habeas corpus review.  28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 455 U.S. 591, 592-93 (1982) (explaining that "the presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact"); *Moody v. Quarterman*, 476 F.3d 260, 268 (5th Cir. 2007).

The state court's findings are supported by the record.  The victim, who was 13 at the time of trial, testified that her father began touching her inappropriately when she reached the age of "6 or 7."  *Court Reporter's Record*, vol. 2, at 18.  The victim testified that, when she was 7 or 8, her father penetrated her vagina with his fingers and then put his penis inside of her.  *See id*. at 25-29.  When asked how many times he father did this, the victim testified that it happened "[a] lot of times."  *Id*. at 30.  When asked why she did not tell anyone, the victim testified that her father told her that nobody loved her and she did not think that anyone would believe her.  *See id*. at 29.  She testified that, on one occasion, her father put his penis in her mouth.  *See id*. at 30-31. This time, Noriega's girlfriend, Olga Rodriguez, discovered what he was doing.  *See id*. at 34-36.  Sometime thereafter, Olga told the victim's mother about the abuse.  *See id*. at 37.  The victim was then examined by doctors at the Memorial Hermann Children's Hospital and she was interviewed at the Children's Assessment Center.  *See id*. at 38.

HPD Officer Veronica Ryza reviewed the videotaped interview by the victim and investigated the allegations of sexual assault.  *See id*. at 100.  During that investigation,

Officer Ryza took a statement from the "outcry" witness (Olga Rodriguez) who first reported the abuse. *See id.* The state was unable to locate Rodriguez at the time of trial, however. *See id.* at 104-11. Noriega did not call any witnesses during the guilt/innocence portion of the trial. After reviewing all of the evidence, the Court concludes that a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. Noriega fails to otherwise show that the jury's verdict lacked sufficient evidence for purposes of the *Jackson v. Virginia* standard.

In this instance, Noriega claims that the evidence was insufficient because there was no live testimony at trial from the outcry witness to corroborate the victim's account. Noriega also complains that there was insufficient evidence to show penetration because the examining physician did not observe any sign of injury or trauma. These arguments are without merit. In Texas, the testimony of a child victim alone is sufficient evidence of penetration to support a conviction for aggravated sexual assault. *See* TEX. CODE CRIM. PROC. 38.07; *O'Hara v. State*, 837 S.W.2d 139, 141-42 (Tex. App. — Austin 1992, pet. ref'd); *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex. App. — Corpus Christi 2006, no pet.). There is no requirement that the victim's testimony be corroborated by medical or physical evidence. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Soto v. State*, 267 S.W.3d 327, 332 (Tex. App. — Corpus Christi 2008, no pet.). Because Noriega fails to demonstrate that he had a valid argument, his challenge to the sufficiency of the evidence does not survive the procedural bar.

###### B.      Ineffective Assistance of Counsel at Trial

Noriega raises eleven allegations of ineffective-assistance against the defense attorney who represented him at trial.  Noriega complains that his trial counsel was deficient for the following reasons:  (1) he failed to let him watch a videotaped interview in which the victim recounted the sexual assaults; (2) he failed to introduce the videotaped interview of the victim into evidence; (3) he failed to object when the prosecutor explained during closing argument that the videotaped interview was considered hearsay; (4) he failed to "extradite" Olga Rodriguez to testify on his behalf; (5) he failed to object to Olga Rodriguez's statement as hearsay; (6) he failed to object to any mention of Olga Rodriguez by other witnesses pursuant to *Crawford v. Washington*, 541 U.S. 36 (2004); (7) he failed to hire a child sexual assault expert; (8) he forced Noriega to testify during the punishment phase of the trial; (9) he failed to present any defense during punishment; (10) he failed to withdraw as counsel when Noriega fired him; and (11) he failed to advise Noriega about whether he would file a motion for new trial.  These claims, which were rejected on state habeas corpus review, are addressed below, following a brief overview of the legal standard that governs claims of ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel at trial. U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v.*

*Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added).  Claims for ineffective assistance of counsel are analyzed under the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency.  *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

The record shows that Noriega was represented by local criminal defense counsel Richardo Gonzalez.  At the state habeas corpus court's request, Gonzalez supplied an affidavit in response to several of Noriega's allegations of ineffectiveness.  The state habeas corpus court found Gonzalez's affidavit to be "credible" and, after reviewing the official trial transcript, concluded that Noriega was not denied effective assistance of counsel at his trial  *Ex parte Noriega*, No. 71,882-02, Supp. Rec. at 25, ¶ 1.  In particular, the state habeas court found that Noriega failed to show that he was denied effective assistance of counsel under the governing legal standard:

> The applicant fails to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1996) (adopting the *Strickland* standard in Texas); and *Narvaiz v. State*, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992) (defining the two-part *Strickland* standard).

*Ex parte Noriega*, No. 71,882-02, Supp. Rec. at 26, ¶ 10. In reaching that conclusion, the state habeas corpus court expressly rejected several of Noriega's specific allegations of deficient performance and summarily dismissed the rest of his claims. *See Ex parte Noriega*, No. 71,882-02, Supp. Rec. at 25-26, ¶¶ 2-10.

As this record shows, the state court identified the governing legal standard found in *Strickland* and applied it to Noriega's ineffective-assistance claim. To the extent that Noriega repeats the same ineffective-assistance claim on federal habeas corpus review, the central question is not whether this court "'believes the state court's determination' under the *Strickland* standard 'was incorrect but whether the determination was unreasonable — a substantially higher standard.'" *Knowles v. Mirzayance*, — U.S. —, 129 S. Ct. 1411, 1420 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)). In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 129 S. Ct. at 1420. Thus, this standard is "doubly deferential" on habeas corpus review. *Id.*; *see also Richter*, 131 S. Ct. at 788 (emphasizing that the standards created by *Strickland* and § 2254(d) are "highly deferential," and "'doubly' so" when applied in tandem) (citations and quotations omitted). Noriega fails to show that the state court's decision was unreasonable under this doubly deferential standard for reasons outlined briefly below.

### 1.      Claims Concerning the Videotaped Interview

Noriega presents three claims concerning a videotaped interview, in which the victim described the sexual abuse that occurred.   That videotape was made at the Children's Assessment Center, which is described as a "multi-service complex" for sexually abused children.   *Court Reporter's Record*, vol. 2, at 96.   The interviews are recorded on videotape so that the children "don't have to tell the story over and over to every officer and [Children's Protective Service] case worker."   *Id.* at 99.   Noriega speculates that the videotaped interview might have contained exculpatory evidence and that his counsel was deficient for failing to let him watch it.   If the videotape contained exculpatory evidence, Noriega speculates further that his counsel was deficient for failing to introduce the tape into evidence.   Noriega also complains that his counsel was deficient for failing to object when the prosecutor mentioned during the closing argument that the content of the videotape was hearsay and, therefore, not admissible.

It is undisputed that the videotaped interview was not admitted into evidence during the trial.   As the prosecutor explained during closing argument, there were offense reports, statements from witnesses, and interviews conducted outside of court that were not admissible under the Texas Rules of Evidence, which preclude the use of "something called hearsay."   *Court Reporter's Record*, vol. 3, at 8.   The videotaped interview of the victim, which constitutes an out-of-court statement, qualifies as hearsay.   *See* TEX. R. EVID. 801(d).   Noriega does not show otherwise and he does not demonstrate that his attorney was deficient for failing to object to the prosecutor's explanation.   In that respect,

17

counsel is not ineffective for failing to make a frivolous objection. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

Likewise, Noriega does not allege or show that the videotaped interview actually included any exculpatory evidence. Conclusory allegations of this kind are insufficient to demonstrate deficient performance or actual prejudice. *See Day v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009). Absent some evidence that the videotape had exculpatory value, Noriega cannot show that his counsel had any reason to admit the videotape into evidence. In that regard, as the respondent correctly notes, showing the videotape at trial would only have bolstered the state's case and would likely have inflamed the jury, which already heard the victim's tearful account of the abuse she suffered. Under these circumstances, Noriega fails to show that he was denied effective assistance of counsel or that the state court's decision to reject these claims was objectively unreasonable.

### 2.    Claims Concerning Olga Rodriguez

Noriega's former girlfriend, Olga Rodriguez, was characterized at trial as an "outcry" witness who first learned of the abuse and reported it to the victim's mother. *Court Reporter's Record*, vol. 2, at100. Rodriguez provided a written statement to the investigating officer, but did not appear as a witness because the state was unable to locate her at trial. *See id*. at 100, 106-12. In several related claims, Noriega complains that his counsel was deficient for failing to "extradite" Rodriguez or obtain her testify at

18

trial.[3]   Noriega claims further that his attorney was deficient for failing to raise an objection under *Crawford v. Washington*, 541 U.S. 36 (2004) to any mention of Rodriguez' statement to law enforcement.

Noriega's claim regarding counsel's failure to locate Olga Rodriguez or to call her as a witness at trial was rejected by the state habeas corpus court, which found no deficient performance or actual prejudice:

4.    The Court finds, based on the credible affidavit of Richardo N. Gonzalez, that Gonzalez learned of potential witness Olga Rodriguez from [Noriega] but [Noriega] never provided Gonzalez with sufficient information to identify and locate Rodriguez for further investigation.

5.    The Court finds, based on the appellate record, that Harris County District Attorney investigator Gabriel Vasquez testified at trial in the primary cases that he conducted an extensive investigation to locate Olga Rodriguez prior to trial but was unsuccessful in doing so [*Court Reporter's Record*, vol. 2, at 106-12].

6.    The Court finds that, based on the appellate record and the credible affidavit of Richard N. Gonzalez, that Olga Rodriguez was unavailable as a witness at the time of trial in the primary case.

7.    [Noriega] fails to show that Gonzalez was ineffective with respect to his investigation of potential witness Olga Rodriguez because [Noriega] fails to show that Rodriguez was available to testify at trial and that her testimony would have benefitted [Noriega].  *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Wilkerson v. State*, 726 S.W.2d 542, 551 (Tex. Crim. App. 1986).

---

[3]    Noriega disclosed in his testimony that Rodriguez had been deported to Mexico. *See Court Reporter's Record*, vol. 3, at 20.

*Ex parte Noriega*, No. 71,882-02, Supp. Rec. at 25. According to the state court's fact findings, which are presumed correct under 28 U.S.C. § 2254(e)(1), Rodriguez could not be located prior to the trial.[4]  Noriega does not allege facts showing what else his attorney could have done to secure Rodriguez' presence at trial and he does not demonstrate deficient performance on his attorney's part.  Likewise, he does not establish the requisite actual prejudice because he does not show (1) that Rodriguez' testimony "would have been favorable" to the defense, and (2) that Rodriguez "would have testified" on his behalf if she had been called.  *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

Likewise, Noriega cannot demonstrate that his counsel was deficient for failing to raise an objection under *Crawford v. Washington*, 541 U.S. 36 (2004).  The *Crawford* case concerned the admissibility of hearsay or out-of-court statements at a criminal trial for purposes of the Sixth Amendment's Confrontation Clause.[5]  The Supreme Court held that "testimonial" statements from witnesses not present at trial are admissible only when the declarant is unavailable and the defendant had a prior opportunity for cross-examination.  *Crawford*, 541 U.S. at 68.  It is undisputed that Rodriguez was unavailable at trial.  More importantly, although several witnesses mentioned that Rodriguez gave a

---

[4]     Noriega does not attempt to show that the state court's findings of fact or credibility determinations were incorrect.  Absent clear and convincing evidence to the contrary, the presumption of correctness applies.   28 U.S.C. § 2254(e)(1). The Fifth Circuit has recognized that the presumption of correctness is particularly strong where, as in Noriega's case, the trial court and the state habeas court are one and the same. *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).

[5]     The Sixth Amendment Confrontation Clause guarantees an accused the right "to be confronted with the witnesses against him." U.S. CONST. amend. VI.

statement to police, the record confirms that the contents of that statement were not discussed or otherwise admitted. On this record, Noriega does not show that any testimonial statements were admitted in violation of *Crawford* or that defense counsel had a valid objection to make. Absent a showing that counsel had, but failed to make, a valid objection, or that the result of the proceeding would have been different, Noriega does not demonstrate deficient performance or actual prejudice with respect to this issue. *See Green*, 160 F.3d at 1037. Noriega fails to show that he was denied effective assistance of counsel or that the state court's decision to reject these claims was objectively unreasonable.

### 3.   Failure to Retain a Defense Expert

Noriega notes that the physician who examined the victim found no physical evidence of sexual assault. *Court Reporter's Record*, vol. 2, at 58-59. The physician testified that any physical injury had likely healed during the time between the last incident of penetration and the report of abuse, which was delayed in this case. *See id*. at 59-61. Noriega alleges that his counsel was deficient for failing to hire a "child sexual assault expert" to counter this testimony.

In his affidavit to the state habeas corpus court, Noriega's counsel explained that he did not believe that a defense expert would be "particularly useful" in rebutting the state's evidence. *Ex parte Noriega*, No. 71,882-02 Supp. Rec. at 12. Counsel explained that, based on his experience with similar cases, the state's witnesses "were able to explain the lack of medical evidence based on the passage of time and the ability of

children to physically heal following sexual assaults." *Id.* at 12-13.  Counsel noted that he was able use the state's medical expert to Noriega's advantage by forcing the state's witness to admit that, "if there had been repeated penetration, as alleged by the complainant, then evidence of trauma should have been present but was not."  *Id.* at 13. On this basis, counsel did not believe it was necessary to retain a separate defense expert. *See id*.

The state habeas corpus court found that Noriega's defense counsel did not reasonably believe that it was necessary or beneficial to retain an expert to rebut the state's evidence.   *Ex parte Noriega*, No. 71,882-02 Supp. Rec. at 24, ¶ 2.  The state habeas corpus court further found that Noriega failed to show that his counsel needed the assistance of an expert to rebut the state's evidence and that Noriega otherwise failed to show that counsel's conduct was deficient.  *See id*. at 24, ¶ 3.  The state court's findings are supported by the record, which shows that defense counsel cross-examined the physician specifically about the lack of physical injury.  *Court Reporter's Record*, vol. 2, at 61-62.  The physician agreed that, based on his examination of the victim, he was unable to determine with certainty that a sexual assault occurred.  *Id*. at 63.  The physician also agreed with defense counsel that, if penetration had occurred on numerous occasions he would expect to find some kind of trauma or injury to the victim's genital area.  *Id.* at 64.

Noriega does not allege facts showing that additional expert testimony would have been favorable to his case.  Accordingly, he does not demonstrate deficient performance

or actual prejudice in connection with his defense counsel's failure to secure additional testimony from an expert witness.  *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002). It follows that Noriega also fails to show that he was denied effective assistance of counsel or that the state court's decision to reject this claim was objectively unreasonable.

### 4.    Noriega's Testimony During the Punishment Phase

Noriega complains that his counsel was deficient because he forced him to testify during the punishment phase of the trial.  The state habeas corpus court rejected this claim after finding that Noriega was aware of his rights and voluntarily decided to testify during the punishment proceeding:

> 8       The Court finds, based on the appellate record, that at the close of the State's case in chief during the guilt stage of trial, [defense counsel] Gonzalez questioned [Noriega] on the record about the fact that he had advised [Noriega] of his right to testify and that [Noriega] had made his own decision not to testify during the guilt stage of the trial. [*Court Reporter's Record*, vol. 3, at 3-4].

> 9    The Court finds, based on the credible affidavit of Richard N. Gonzalez, that Gonzalez advised [Noriega] of his right to testify during the punishment stage of trial and admonished him of the consequences of choosing to testify; the Court further finds that [Noriega] knowingly and voluntarily decided to testify during the punishment phase of the trial without coercion by Gonzalez.

*Ex parte Noriega*, No. 71,882-02 Supp. Rec. at 25.  Noriega has not challenged the state court's findings of fact, which are presumed correct.  *See* 28 U.S.C. § 2254(e)(1).  In that respect, Noriega does not show that he was forced to testify on his own behalf.  Likewise, the record shows that Noriega's testimony was limited to his work history and his

eligibility for probation.[6]  *See Court Reporter's Record*, vol. 3, at 17-19.  The prosecutor conducted a brief cross-examination, but elicited little, if any, information that could be considered damaging.  *See id*. at 19-24.  Based on this record, Noriega fails to show that he was denied effective assistance of counsel in connection with his testimony and he further fails to demonstrate that the state court's decision to deny this claim was objectively unreasonable.

### 5.    Failure to Present a Defense at Punishment

Noriega complains that his counsel was deficient for failing to present any defense during punishment. The record refutes this claim.  As outlined above, defense counsel presented testimony from Noriega that included information about his work history and his amenability for probation.  *See Court Reporter's Record*, vol. 3, at 17-19.  Counsel cited Noriega's consistent record of employment and his lack of a criminal record in an effort to obtain a sentence of probation or, at most, a sentence that was less than the high number of years sought by the state.  *See id.* at 28-32.  Gonzalez does not allege or show that his attorney had any other valid defense to pursue and he does not otherwise show that another strategy would have resulted in a sentence that was "significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993).  Noriega fails to show that he was denied effective assistance of counsel during the punishment phase or that the state court's decision to deny this claim was objectively unreasonable.

---

[6]     In Texas, a defendant must demonstrate that he is eligible for probation during a sentencing proceeding by showing that he has never before been convicted of a felony. *See* TEX. CODE CRIM. PRO. art. 42.12, § 3.

### 6.   Failure to Advise or Consult on a Motion for New Trial

Noriega complains that his counsel was deficient for failing to advise Noriega about whether he would file a motion for new trial.  The Fifth Circuit has recently held that "there is a Sixth Amendment right to the assistance of counsel at the motion for new trial, during the post-trial, pe-appeal period, in Texas, because it is a critical stage." *McAfee v. Thaler*, — F.3d —, 2011 WL 38034, *8 (5th Cir. Jan. 6, 2011).  The record shows that Noriega filed a *pro se* motion for new trial, arguing that he was denied effective assistance of counsel at trial, that the indictment was invalid, and that the evidence was insufficient to support a conviction.  *See Clerk's Record*, at 122-25.  The motion was overruled by operation of law.

Noriega provides only a conclusory allegation of ineffective assistance in connection with this claim.  He does not indicate with specificity what arguments his attorney could have but did not raise; nor does he demonstrate that, but for his counsel's unprofessional errors, the state trial court would have granted a new trial.  *See McAfee*, — F.3d at —, 2011 WL 38034, *10.  Absent a showing that counsel failed to raise a meritorious argument or claim, and that the outcome would have been different, the petitioner fails to demonstrate deficient performance or actual prejudice.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted);  *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.");  *Lavernia v. Lynaugh*, 845 F.2d 493, 499

(5th Cir. 1988) ("Counsel cannot be faulted for failing to pursue meritless motions.") (citations omitted); *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions."). More importantly, Noriega does not establish that the state court's decision to reject this claim was objectively unreasonable under the above-referenced *Strickland* standard. It follows that Noriega is not entitled to relief on this issue.

### 7.    Failure to Withdraw

Noriega complains that his counsel was deficient because he "refused to withdraw as court-appointed counsel after [Noriega] told him he was fired[.]" There is a handwritten, *pro se* motion to dismiss Gonzalez as Noriega's court-appointed counsel, which includes a request to appoint a new attorney. *See Clerk's Record* at 50. The motion is dated March 29, 2006. *See id.* Trial started several months later August 14, 2006. The issue was not raised again and the trial court did not rule on Noriega's motion.

Because he was court-appointed and not retained, defense counsel was not required to withdraw after Noriega "fired" him. A criminal defendant has the right to counsel of his choice, as long as the attorney is qualified and the defendant can afford to pay the cost. *See United States v. Gonzalez-Lopez*, 548 U.S.140, 144 (2006) (observing that "the Sixth Amendment guarantees the defendant "the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds") (quoting *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25 (1989)); *see also Wheat v. United*

*States*, 486 U.S. 153, 159 (1988) (discussing limitations on the right to counsel of one's choice, such as where first choice of counsel would create a serious risk of a conflict of interest).   A defendant who cannot afford to retain counsel has no right to counsel of his choice.   *Morris v. Slappy7*, 461 U.S. 1, 14 (1983) (rejecting a claim that the Sixth Amendment guarantees a "meaningful relationship" between an accused and his counsel). In that regard, an indigent defendant is not entitled to have a particular lawyer represent him or to demand a different appointed lawyer absent a showing of good cause.   *See Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985); *see also United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) (advising that, when an accused voices objections to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction).

The record shows that defense counsel made numerous appearances on Noriega's behalf and pursued discovery.   The record shows further that defense counsel cross-examined the state's witnesses with care and subjected the state's case to meaningful testing.   Counsel's arguments reflect that he pursued a reasonable strategy and that he was prepared for trial.   Based on this record, Noriega does not show that there was good cause to replace his appointed attorney or that the trial court erred by failing to grant his *pro se* motion for new counsel.   More importantly, Noriega has not demonstrated that his defense counsel committed any specific error that resulted in actual prejudice.   Based on this record, he does not demonstrate that he was denied effective assistance of counsel at his trial or that the state court's decision to deny this claim was objectively unreasonable.

## C.     Ineffective Assistance of Counsel on Appeal

Noriega contends that he is entitled to relief because he was denied his constitutional right to effective assistance of counsel on appeal.  In particular, Noriega complains that his appellate attorney was deficient for filing an *Anders* brief.  The respondent notes that this allegation was rejected on state habeas corpus review.  In particular, the state habeas corpus court that Noriega failed to overcome the presumption that appellate counsel was effective because he failed to show (1) "that [Noriega's] suggested issues on direct appeal were 'clearly stronger than' the issues presented on appeal" or (2) "that there was a reasonable probability that the result of the proceeding would have been different but for appellate counsel's conduct."  *Ex parte Noriega*, No. 71,882-02, Supp. Rec. at 26 (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citations omitted).

The Fourteenth Amendment to the United States Constitution guarantees a criminal appellant the right to counsel in his first appeal of right.  *See Evitts v. Lucey*, 469 U.S. 387 (1985);  *Douglas v. California*, 372 U.S. 353 (1963). "'Persons convicted of a crime are entitled to receive effective assistance of counsel in their first appeal of right,' but counsel is not required to raise every nonfrivolous issue."  *Givens v. Cockrell*, 265 F.3d 306, 310 (5th Cir. 2001) (quotation omitted).  The right to counsel on appeal "does not include the right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal."  *Smith v. Robbins*, 528 U.S. 259, 278 (2000).

28

A habeas corpus petitioner who claims that he was denied the right to effective assistance of counsel on appeal must satisfy the above-referenced *Strickland* standard by showing that his counsel's performance was deficient, and that counsel's deficient performance resulted in actual prejudice.  *See Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006).  Because there is no right to appellate counsel in the absence of a nonfrivolous issue for appeal, a petitioner challenging the effectiveness of his appellate attorney must demonstrate deficient performance by showing that his counsel "was objectively unreasonable in failing to find arguable issues to appeal ─ that is, that counsel unreasonably failed to discover non-frivolous issues and raise them."  *Robbins*, 528 U.S. at 285.  If the petitioner succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal."  *Id.*

In this case, Noriega fails to show that he was denied effective assistance of counsel because he does not identify a non-frivolous issue for appeal.  In that regard, Noriega alleges that his appellate attorney was deficient for filing an *Anders* brief because he did not raise the issues that he presented on state and federal habeas review. For reasons set forth above, Noriega has not shown that any of his claims have merit. Therefore, Noriega cannot demonstrate that, but for his appellate attorney's deficient performance, he would have prevailed in that proceeding.

Absent a showing that his appellate attorney was deficient or that he was actually prejudiced as a result, Noriega fails to demonstrate that he was denied effective assistance

of counsel on appeal.  Under these circumstances, Noriega fails to show that the state court's decision to reject his ineffective-assistance claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.  *See* 28 U.S.C. § 2254(d)(1).  Therefore, Noriega is not entitled to relief on this issue.  Because Noriega has failed to demonstrate a meritorious claim under the governing standard of review, he is not entitled to relief and his petition must be denied.

## IV.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the

controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  Based on its own research, the Court concludes that jurists of reason would not debate whether the assessment of the petitioner's constitutional claims was wrong, whether any procedural ruling in this case was correct, or whether the petitioner has stated a valid claim of the denial of a constitutional right.  Therefore, a certificate of appealability will not issue.

## V.    <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court **ORDERS** as follows:

1.    The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

2.    The petitioner's motion for appointment of counsel (Docket No. 23) is **DENIED**.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 16th day of February, 2011.

_____
Kenneth M. Hoyt
United States District Judge